NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SOCIEDADE DOS VINHOS BORGES S.A., individually and as assignee of the rights of JMV – JOSE MARIA VIEIRA, S.A. and JMV FOOD SERVICE CANDA, LTD. | : : : : : : : : | |
| Plaintiff, | : : | Civil Action No. 10-03450 (JAP) |
| v. | : : : | **OPINION** |
| ROGERIO LOPES DOS SANTOS, et al., | : : : | |
| Defendants. | : : | |

PISANO, District Judge.

This action is brought by plaintiff Sociedade Dos Vinhos Borges S.A. ("Plaintiff"), individually and as assignee of JMV – Jose Maria Vieira, S.A. ("JMV, S.A.") and JMV Food Service Canada, Ltd. ("JMV Canada"), against defendants Rogerio Lopes Dos Santos ("Santos"), Pedro Fernandes Soares ("Fernandes" or, alternatively, "Soares") and Lusitano Wine Imports, Inc. ("Lusitano Wine") (collectively, the "Defendants"). The complaint in this action asserts claims for Lusitano Wine's failure to make payment on certain invoices relating to wine, coffee and coffee-related products, as well as on a personal guaranty signed by Santos guaranteeing payment by Lusitano Wine on those and future invoices, and for passing bad checks in connection with those invoices (the "Collection Claims"). The complaint also asserts a claim for intentional interference with business relations (the "Tort Claim").

1

The complaint was filed on July 7, 2010, and the Clerk of the Court issued a summons on same day. The Defendants acknowledged service of process upon them through execution of separately written acknowledgements of service on September 18, 2010. The time for the Defendants to answer and appear in this action expired by operation of law on November 18, 2010. The Clerk of the Court entered default against the Defendants on December 2, 2010.

Plaintiff moved for default judgment on January 10, 2011, by attorney declaration, together with a factual affidavit of Catarina Coelho (the "Coelho Affidavit"), a member of the bar in the Republic of Portugal. The Coelho Affidavit attached and authenticated the invoices issued by Plaintiff to the Defendants for certain shipments of wine, coffee, and coffee related products, totaling the sum certain due of Seven Hundred Seventy Five Thousand Eight Hundred Fifty Seven Dollars and Fifty one Cents ($775,857.51) at the monetary exchange rate prevailing thereat. The Coelho Affidavit also attached multiple checks presented by the Defendants to Plaintiff and drawn on the Defendants' accounts, which were to have been in partial payment of the aforesaid debts, but were dishonored and rejected by the banks to which they were presented for collection upon the Defendants' accounts. The Coelho Affidavit further provided the personal guaranty of Santos of certain specific invoices among those aforesaid and of the payment of additional invoices thereafter issued.[1]

The Defendants opposed Plaintiff's motion for default judgment and filed a cross-motion to vacate default entered by the Clerk of the Court. The Defendants failed to submit a proposed answer with their motion to vacate default, as required by Local Rule 7.1(f), until February 10, 2011, together with the Defendants' reply brief. Oral argument on the motion for default judgment and cross-motion to vacate default was held on May 16, 2011. The Court found that

---

[1] Certain portions of the Coelho Affidavit and Plaintiff's legal papers refer to the signatory of the personal guaranty as Soares (a/k/a Fernandes). The Defendants make much of this fact. The Court finds, however, upon reviewing the personal guaranty, that the signatory of that document is clearly Santos.

the Defendants failed to timely appear and answer and did not demonstrate "excusable neglect" or "good cause" for such failure.  During oral argument, the Defendants conceded their failure to pay the amounts owing to Plaintiff.  In addition, the Court rejected the Defendants' attempt to assert a right to credits or set-offs for "management fees."  Thus, the Court found that the Defendants lack a meritorious defense to the claims asserted by Plaintiff.  Accordingly, on May 23, 2011, the Court issued an order granting Plaintiff's motion for default judgment on the Collection Claims, denied Plaintiff's motion for default judgment on the Tort Claim, denied the Defendants' motion to vacate default judgment and entered judgment in favor of Plaintiff against the Defendants jointly and severally in the amount of $775,857.51, together with statutory costs and interest thereupon.

Presently before the Court is a motion by the Defendants to vacate judgment and allow the Defendants to file an answer, affirmative defenses, counterclaim and third party complaint.[2]  Plaintiff opposes the motion.  The Defendants move to vacate default judgment pursuant to Federal Rules of Civil Procedure 60(b)(1), (4) and (6).[3]  In deciding this matter, the Court is mindful that default judgments are generally disfavored and "doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.' " *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194 – 195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 245 (3d Cir. 1951)).  Rule 60(b)

---

[2]   The Defendants also filed a motion to dismiss Plaintiff's claims pursuant to a lack of subject matter jurisdiction and a motion stay all post-judgment proceedings arising out of the Court's May 23, 2011.  Because the Court finds that there is not a sufficient basis for the Defendant's Rule 60(b)(4) motion, the Court denies the motion to dismiss for lack of subject matter jurisdiction as moot.  Similarly, because the Court denies the Defendant's motion to vacate default judgment, the motion to stay post-judgment proceedings is denied as moot.

[3]   In their reply brief, the Defendants contend that the Affidavit of Coelho and Plaintiff's legal papers contain numerous misstatements and, therefore, claim that Rule 60(b)(3) may be applicable.  Rule 60(b)(3) provides relief for "fraud . . ., misrepresentation, or misconduct by an opposing party."  Having reviewed the Reply Certificate of Fernandes (which purports to identify all misstatements made by Plaintiff), the Court finds that what the Defendants claim are misstatements, are actually disputes of fact.  There is no basis for a finding that Plaintiff has engaged in fraud, misrepresentation or misconduct.

allows a party to seek relief from a final judgment in a limited set of circumstances. Specifically, Rule 60(b) provides: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b).

The Defendants argue that the Court should vacate default judgment pursuant to Rule 60(b)(1) on the basis of excusable neglect. In deciding whether to vacate a default judgment under Rule 60(b)(1), the Court "must consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co.,* 756 F.2d 14, 19 (3d Cir. 1985) (citations omitted). As discussed above, the Court notes that this is the second motion to vacate default judgment filed by the Defendants and considered by the Court. In deciding the original motion to vacate, the Court found that there was no basis for a finding of excusable neglect. The Defendants were aware of the lawsuit, they were aware of the claims being made against them and they were aware of their obligation to file a responsive pleading. The Court also found that the evidence showed that the debt that had been outstanding for years and that no payments had been made against any of that debt.

The Defendants argue that their failure to answer or appear in this case is excusable because they relied on three sets of prior attorneys to protect their interests and none of those

attorneys properly appeared on their behalf. This aspect of the Defendants' motion repeats arguments previously considered by the Court; therefore, it will be construed as a motion for reconsideration. Reconsideration is an extraordinary remedy that is normally appropriate only when one of the following three grounds for relief is established: "(1) 'an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.' " *Carmichael v. Everson*, 2004 WL 1587894, *1 (D.N.J. 2004) (quoting *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.,* 825 F. Supp. 1216, 1220 (D.N.J. 1993)); *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995). The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Further, the moving party's burden requires more than a mere "recapitulation of the cases and arguments considered by the court before rendering its original decision[.]" *Id.* (internal quotation marks omitted). Pursuant to Local Rule 7.1(i), "a motion for reconsideration shall be served and filed within 14 days of the entry of the order or judgment" by the Court. L. Civ. R. 7.1(i). Even if this motion for reconsideration had been timely filed, the Court finds that the Defendants have not met the high burden of establishing adequate grounds for reconsideration. The Defendants have not asserted that an intervening change in the controlling law has occurred nor that evidence not previously available has since become available. Instead, the Defendants simply claim that they relied on prior counsel to protect their interests and they should not be punished for their attorney's failure. This is essentially same argument previously considered by the Court. The fact that the Defendants have now changed lawyers for a third time does not alter the reality that the Defendants were

aware of the lawsuit and the claims being made against them and that their previous attorneys were aware of their obligation to file a responsive pleading.

The Defendants claim that they have numerous meritorious defenses to the complaint.[4] "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established at trial, would constitute a complete defense to the action.' " *$55,518.05 in U.S. Currency,* 728 F.2d at 195 (quoting *Tozer,* 189 F.2d at 244). Thus, a defendant may not establish a meritorious defense with "simple denials or conclusory statements," but instead must provide "specific facts" supporting its defense. *$55,518.05 in U.S. Currency,* 728 F.2d at 195 (citations omitted).

First, the Defendants claim the judgment against Lusitano Wine, Fernandes and Santos is improper because Lusitano Coffee Imports, LLC ("Lusitano Coffee") is not a party to this action. The Court finds that this proposed defense does not constitute a complete defense to the action. None of the documents relevant to the Collection Claims involve Lusitano Coffee: the bad checks were written by Fernandes on behalf of Lusitano Wine; the unpaid invoices were issued to Lusitano Wine; and the personal guaranty was made by Santos in favor of Plaintiff. Therefore, it is unclear how Lusitano Coffee's presence in the action would affect the Defendant's liability on the Collection Claims.

Second, the Defendants argue that the judgment against Santos is improper because "the document Plaintiffs rely upon to impose personal guaranty is suspect." The Court finds that the Defendants have failed to provide specific facts in support of this defense. Santos does not attack the validity of the personal guaranty, nor does he deny that he executed the document. Santos simply claims that he did not sign any documents in Portugal in 2009 and that his

---

[4] The Court notes that some of the "defenses" asserted by the Defendants are actually counterclaims, which they remain entitled to pursue. These include claims that (1) Plaintiff is in possession of coffee machinery that belongs to the Defendants and (2) Plaintiff tortiously interfered with the Defendants' business.

attorney in Portugal told him that the judge in Portugal did not agree that it was his signature on the personal guaranty.  [Santos Certification, ¶¶ 44 and 45].  Without specific facts showing that the personal guaranty is invalid and that Santos would not be otherwise liable, Santos' argument amounts to a simple denial and not a complete defense to the action.

The Defendants also state as a defense that, because neither Santos nor Fernandes testified at oral argument on the original motion to vacate, the Defendants' prior counsel's admission that the Defendants had failed to pay the amounts owning to Plaintiff should not be held against them.  First, the Court notes that "generally a party is deemed to be bound by the acts of his attorney."  *Boughner v. Secretary of Health, Education and Welfare*, 572 F.2d 976, 978 (3d Cir. 1978) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)).  In *Link*, the Supreme Court noted that this rule did not impose an unjust penalty on the client because he "voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."  370 U.S. at 633-34.  In addition, the Court finds that this "defense" is not really a defense, but an attempt to retract an admission of liability.  Notably, the Defendants do not now claim that they paid the outstanding debt, therefore, it is unclear how a retraction of prior counsel's admission of liability would constitute a defense to the action.  Because the Defendants have failed to establish a meritorious defense to the Collections Claims, the Defendants motion to vacate pursuant to Rule 60(b)(1) will be denied.

The Defendants also move to vacate the default judgment pursuant to Rule 60(b)(4).  That rule permits the reopening of a judgment "if the judgment is void."  A judgment entered by a court that lacks subject matter jurisdiction is void. *See Marshall v. Bd. of Educ.,* 575 F.2d 417, 422 (3d Cir.1978) ("A judgment may indeed be void, and therefore subject to relief under [Rule]

60(b)(4), if the court that rendered it lacked jurisdiction of the subject matter...."). The Defendants claim that there is a "strong probability" that the Court lacks subject matter jurisdiction because of a lack of complete diversity of the parties. The Defendants do not contest that Plaintiff is a Portuguese corporation. Instead, they claim that JMV, S.A. is a New Jersey corporation and that discovery is needed to determine whether the assignment of rights from JMV, S.A. to Plaintiff was a "misplaced attempted to attain federal subject matter jurisdiction." [Defendants' Reply at 12]. The Court finds that the Defendants have not provided a sufficient basis for this allegation because none of the documents relevant to the Collection Claims involve dealings between the Defendants and JMV, S.A.: the bad checks written by the Defendants were made out to Plaintiff; the unpaid invoices were issued by JMV Canada and Plaintiff; and the personal guaranty was between Santos and Plaintiff. Therefore, the alleged improper assignment would have no effect on the Collection Claims. Accordingly, the motion to vacate the default judgment pursuant to Rule 60(b)(4) will be denied.

Finally, the Defendants move to vacate default judgment pursuant to Rule 60(b)(6). "Although the text of Rule 60(b)(6) states simply that a court may grant relief from a final judgment for 'any other reason that justifies relief,' courts have added a requirement that a party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008). The Defendants argue that the actions, inactions and unauthorized misrepresentations made by prior counsel constitute neglect "so gross that it is inexcusable." In support, the Defendants rely on *Boughner v. Secretary of Health, Education and Welfare*, 572 F.2d 976 (3d Cir. 1978). In that case, the Court granted a motion to vacate summary judgment pursuant to Rule 60(b)(6) where prior counsel had failed to file a responsive pleading in a total of 52 cases. 572 F.2d at

977.  The Court found that prior counsel's "egregious conduct amounted to nothing short of leaving his clients unrepresented." *Id*. at 977.  Here, the Defendants' prior counsel opposed the motion for default judgment and appeared before the Court to argue the motion.  The Court finds that failure to answer a complaint does not constitute "egregious conduct" on the part of an attorney and the Defendants have failed to establish "extraordinary circumstances" warranting vacating the judgment pursuant to Rule 60(b)(6).

    For the reasons above, the Defendant's motion to vacate judgment, dismiss all claims and stay proceedings is denied.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO<br>United States District Judge

Dated:  August 11, 2011