NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SOCIEDADE DOS VINHOS BORGES S.A., individually and as assignee of the rights of JMV – JOSE MARIA VIEIRA, S.A., and JMV FOOD SERVICE CANADA, LTD.<br><br>    Plaintiff,<br><br>v.<br><br>ROGERIO LOPES DOS SANTOS, et al.,<br><br>    Defendants. | Civil Action No. 10-03450 (JAP)<br><br>**OPINION** |

PISANO, District Judge.

This action was brought on July 7, 2010 by Plaintiff Sociedade Dos Vinhos Borges S.A. ("Sociedade") individually and as assignee of JMV – Jose Maria Vieira, S.A. ("JMV, S.A.") and JMV Food Service Canada, Ltd. ("JMV Canada"), against Defendants Rogerio Lopes Dos Santos ("Santos"), Pedro Fernandes Soares ("Soares") and Lusitano Wine Imports, Inc. ("Lusitano") (collectively, "Defendants"). The Complaint asserts claims for Lusitano's failure to pay certain invoices relating to wine, coffee and coffee-related products, as well as on a personal guaranty signed by Santos guaranteeing payment by Lusitano on those and future invoices, and for passing bad checks in connection with those invoices ("Collection Claims"). The Complaint also asserts a claim for intentional interference with business relations ("Tort Claim").

    **I.**    **Procedural History**

Plaintiff moved for default judgment on January 10, 2011, and the Defendants opposed Plaintiff's Motion and filed a Cross-Motion to Vacate the default entered by the Clerk of the

Court. Oral argument on the Motion for Default Judgment and Cross-Motion to Vacate was held on May 16, 2011. The Court found that the Defendants failed to timely appear and answer and did not demonstrate "excusable neglect" or "good cause" for such failure. During oral argument, the Defendants conceded their failure to pay the amounts owing to Plaintiff. In addition, the Court rejected the Defendants' attempt to assert a right to credits or set-offs for "management fees." Thus, the Court found that the Defendants lack a meritorious defense to the claims asserted by Plaintiff. Accordingly, on May 23, 2011, the Court granted Plaintiff's Motion for Default Judgment on the Collection Claims, denied the Motion on the Tort Claim, denied the Defendants' Cross-Motion to Vacate Default, and entered judgment in favor of Plaintiff against Defendants jointly and severally in the amount of $775,857.51, with statutory costs and interest.

On June 20, 2011, Defendants moved again to vacate default judgment, and to allow the Defendants to file an answer, affirmative defenses, counterclaim and third party complaint. The Defendants also filed a Motion to Dismiss Plaintiff's claims due to lack of subject matter jurisdiction and a Motion to Stay all post-judgment proceedings arising out of the Court's Order of May 23, 2011. Under Local Rule 7.1(i), a motion for reconsideration must be filed within 14 days of the entry of order on the original motion. The first Motion to Vacate was decided on May 23, 2011, and the second was filed on June 20, 2011. Though it was not filed as such, the second Motion was effectively a Motion for Reconsideration. It was not filed within fourteen days of the Order on the original Motion, but nevertheless the Court denied it on its merits. August 11, 2011 Op. at 5.

In the Motion to Vacate that was denied on August 11, 2011, the Defendants did not contest that Plaintiff is a Portuguese corporation. Rather, they claimed that JMV, S.A. was a New Jersey corporation and that discovery was needed to determine whether the assignment of

rights from JMV, S.A. to Plaintiff was merely a means to obtaining federal jurisdiction. The Court denied this Motion because:

> none of the documents relevant to the Collection Claims involved dealings between the Defendants and JMV, S.A.: the bad checks written by the Defendants were made out to Plaintiff; the unpaid invoices were issued by JMV Canada and Plaintiff; and the personal guaranty was between Santos and Plaintiff. Therefore, the alleged improper assignment would have no effect on the Collection Claims.

August 11, 2011 Opinion [docket entry no. 35]. Because the Court denied the Motion to Vacate, it also denied the Motion to Dismiss and Motion to Stay as moot.

## II.     The Present Motion for Reconsideration

Defendants filed the instant Motion, a second and even more untimely Motion for Reconsideration, on September 11, 2011. It represents Defendants' third attempt to vacate default judgment, and their second attempt to argue that the Court lacks subject matter jurisdiction for lack of diversity. The Defendants now argue that there was no diversity because Sociedade and JMV, S.A. both made New Jersey "corporate filings" on March 3, 2010. Since the Complaint was filed several months later on July 7, 2010, Defendants argue that "[b]oth Plaintiffs" (Plaintiff Sociedade and JMV, S.A.) were "citizens" of New Jersey when the Complaint was filed. Def. Mot. for Reconsideration 7. Therefore, because Lusitano Wine is a New Jersey Corporation, there is no diversity between the parties pursuant to 28 U.S.C. § 1332, and the case must be dismissed for lack of subject matter jurisdiction.

This Motion is both untimely and without merit. Plaintiff Sociedade was registered in New Jersey on April 16, 2010 as a foreign corporation. There is no evidence suggesting that Sociedade or its assignors have their "principal place of business" in New Jersey for purposes of diversity citizenship either. 28 U.S.C. 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010) ("[T]he phrase 'principal place of business' refers to the place where the corporation's

3

high level officers direct, control, and coordinate the corporation's activities.") JMV, S.A., and JMV Canada are based in Portugal and Canada, respectively. The affidavits submitted in these successive Motions show that Plaintiff and its assignors are all foreign corporations that supplied Portuguese coffee to the Defendants for distribution, and there has been no evidence presented showing that Plaintiff or its assignors otherwise did business in New Jersey.

The only evidence showing that Plaintiff Sociedade may be a New Jersey corporation for purposes of diversity jurisdiction consists of several documents submitted by the Defendants showing that entities called "JMV – Jose Maria Vieira, S.A., Company" and "Sociedade Dos Vinhos Borges, S.A., Company," were registered in New Jersey as domestic corporations on March 3, 2010. Plaintiff claims that these filings were made in error, and that the April 16, 2010 filings as foreign corporations were made in order to correct that error. Plaintiff explains that in light of the Department of the Treasury's representation that it can take months to dissolve an improperly registered entity, it was desirable to simply proceed with a new registration under the correct name. Plaintiff further argues that the New Jersey Department of the Treasury would not register the same company as both foreign and domestic, and that whatever entity that may have been created by the improper domestic registration has never operated as a business anywhere.

The undisputed facts demonstrate that Plaintiff Sociedade has always been domiciled in Portugal and has had minimal presence as a business entity operating in New Jersey aside from the mere importation of its products. The Plaintiff and its assignors, being already incorporated in other countries, would have no reason to register as domestic corporations in New Jersey. Thus, the Court is satisfied by Plaintiff's explanation of the seemingly conflicting registrations with the New Jersey Department of the Treasury.

Finally, the Court rejects the Defendants' legal argument that any corporate filing in New Jersey, whether as a foreign or as a domestic corporation, would make the Plaintiff a citizen of New Jersey for purposes of diversity jurisdiction. The Defendants cite the United States Supreme Court case of *Hertz v. Friend*, 130 S. Ct. 1181 (2010), for the proposition that a foreign corporation with a "domestic subsidiary" cannot "hide behind diversity." Cert. of B. Jerbasi ¶ 15, March 19, 2012 (docket entry no. 50). However, this case interpreted the "principal place of business" part of the diversity jurisdiction statute, and did not address conflicts of fact over the state of legal incorporation. In fact, under the *Hertz* standard, there is no doubt that Portugal, and not New Jersey, is the "principal place of business" of the Plaintiff in this case. *Hertz*, 130 S. Ct. at 1190-93. To the extent that Defendants' argument implies that registering with the New Jersey Department of the Treasury as a foreign corporation is equivalent to either re-incorporating in New Jersey or creating a domestic subsidiary, this is also incorrect.

Therefore, the Defendants' final attempt to vacate the default judgment against them has been resolved, and this litigation is closed. In light of the excessive, unpermitted filings that have thus far delayed Plaintiffs' attempt to collect the default judgment that was properly entered, the Defendants may make no further filings in an attempt re-litigate this issue. The Defendants' Motion for a Protective Order and to Quash shall also be denied, as there is no basis for contesting the finality of the judgment against them.

/s/ Joel A Pisano_____
JOEL A. PISANO
United States District Judge

Dated: March 21, 2012