NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOCIEDADE DOS VINHOS BORGES S.A., individually and as assignee of the rights of JMV – JOSE MARIA VIEIRA, S.A., and JMV FOOD SERVICE CANADA, LTD.<br><br>Plaintiff,<br><br>v.<br><br>ROGERIO LOPES DOS SANTOS, et al.,<br><br>Defendants. | Civil Action No. 10-03450 (JAP)<br><br>**OPINION** |

PISANO, District Judge.

This action was brought on July 7, 2010 by Plaintiff Sociedade Dos Vinhos Borges S.A. ("Sociedade") individually and as assignee of JMV – Jose Maria Vieira, S.A. ("JMV, S.A.") and JMV Food Service Canada, Ltd. ("JMV Canada"), against Defendants Rogerio Lopes Dos Santos ("Santos"), Pedro Fernandes Soares ("Soares") and Lusitano Wine Imports, Inc. ("Lusitano") (collectively, "Defendants"). The Complaint asserts claims for Lusitano's failure to pay certain invoices relating to wine, coffee and coffee-related products, as well as on a personal guaranty signed by Santos guaranteeing payment by Lusitano on those and future invoices, and for passing bad checks in connection with those invoices ("Collection Claims"). The Complaint also asserts a claim for intentional interference with business relations ("Tort Claim").

    **I.**    **Procedural History**

Plaintiff moved for default judgment on January 10, 2011, and the Defendants opposed Plaintiff's Motion and filed a Cross-Motion to Vacate the default entered by the Clerk of the

Court. Oral argument on the Motion for Default Judgment and Cross-Motion to Vacate was held on May 16, 2011. The Court found that the Defendants failed to timely appear and answer and did not demonstrate "excusable neglect" or "good cause" for such failure. The Court further found that the Defendants lacked a meritorious defense to the claims asserted by Plaintiff. Accordingly, on May 23, 2011, the Court granted Plaintiff's Motion for Default Judgment on the Collection Claims, denied the Motion on the Tort Claim, denied the Defendants' Cross-Motion to Vacate Default, and entered judgment in favor of Plaintiff against Defendants jointly and severally in the amount of $775,857.51, with statutory costs and interest.

On June 20, 2011, Defendants moved again to vacate default judgment, and to allow the Defendants to file an answer, affirmative defenses, counterclaim and third party complaint. The Defendants also filed a Motion to Dismiss Plaintiff's claims due to lack of subject matter jurisdiction and a Motion to Stay all post-judgment proceedings arising out of the Court's Order of May 23, 2011. Under Local Rule 7.1(i), a motion for reconsideration must be filed within 14 days of the entry of order on the original motion. The first Motion to Vacate was decided on May 23, 2011, and the second was filed on June 20, 2011. Though it was not filed as such, the second Motion was effectively a Motion for Reconsideration. It was not filed within fourteen days of the Order on the original Motion, but nevertheless the Court denied it on its merits. In this second Motion to Vacate, the Defendants argued that there may have been lack of diversity and thus lack of subject matter jurisdiction because JMV, S.A. was a New Jersey corporation, and discovery was needed to determine whether the assignment of rights from JMV, S.A. to Plaintiff was merely a means to obtaining federal jurisdiction. The Court denied this Motion on August 11, 2011. Because the Court denied the Motion to Vacate, it also denied the Motion to Dismiss and Motion to Stay as moot.

Defendants filed a second and even more untimely Motion for Reconsideration on September 11, 2011.  The Defendants argued that there was no diversity because Plaintiff (Sociedade) and it's assignor (JMV, S.A.) both made New Jersey "corporate filings" on March 3, 2010.  The Court found that the motion was without merit in an opinion and order filed on March 21, 2012.  The Court further found that "[i]n light of the excessive, unpermitted filings that have thus far delayed Plaintiffs' attempt to collect the default judgment that was properly entered," the Defendants were prohibited from further attempts to relitigate the issue of Plaintiff's citizenship in an effort to defeat diversity jurisdiction.

## II.     Motion to Stay

Now before the Court is Defendants' Motion to Stay Default Judgment Pending Appeal.  Defendants' Motion is by way of a bare notice that offers no legal support or, indeed, any reason why collection should be further delayed.  Plaintiff contends that a stay would be inappropriate in this case because of the delays it has already suffered, alleging that in addition to the repetitive filings detailed above, Defendants have actively concealed or depleted assets and committed other acts in bad faith.  Thus, Plaintiff opposes the stay and further requests that the Court order Defendants to post a performance bond.  Even without accepting the Plaintiff's allegations of bad-faith delay, the Court can find no reason to grant Defendant's Motion to Stay.  Therefore, this Motion is denied.  An appropriate order follows.

    _/s/ Joel A. Pisano_____
    JOEL A. PISANO
    United States District Judge

Dated:  May 3, 2012